AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Utah |
|---|---|---|
| Name (under which you were convicted): Robert G. Lustyik, Jr. | | Docket or Case No.: 2:12-cr-00646-TC |
| Place of Confinement: FCI Danbury | | Prisoner No.: 91912-054 |

| UNITED STATES OF AMERICA | V. | Movant (include name) Robert G. Lustyik, Jr. |
|---|---|---|

FILED
U.S. DISTRICT COURT
2018 JAN 23 A 11: 22
DISTRICT OF UTAH

Case: 2:18-cv-00077
Assigned To : Campbell, Tena
Assign. Date : 1/23/2018
Description: USA v. Lustyik

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   The United States Courthouse for the District of Utah
   351 S W Temple
   Salt Lake City, UT 84101

   (b) Criminal docket or case number (if you know): 2:12-cr-00646-TC

2. (a) Date of the judgment of conviction (if you know): 9/29/2014

   (b) Date of sentencing: 4/2/2015      Amended Judgment: 9/22/16

3. Length of sentence: 120 months

4. Nature of crime (all counts):

   Count 1: 18 U.S.C. § 371 Conspiracy
   Count 2 - 9: 18 U.S.C. § 1343 - 1346 Honest Service Wire Fraud
   Count 10: 18 U.S.C. § 1503(a)(2) and 18 U.S.C. § 1503(b)(3) Obstruction of the Due Administration of Justice
   Count 11: 18 U.S.C. § 1505-2 and 18 U.S.C. § 1505 Obstruction of Agency Proceedings

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☑   No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?    Yes [✓]    No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals - Tenth Circuit
   (b) Docket or case number (if you know): 15-4050
   (c) Result: Judgment affirmed in part, remanded in part
   (d) Date of result (if you know): 8/15/2016
   (e) Citation to the case (if you know): 
   (f) Grounds raised:
   Violation of constitutional rights due to counsel being denied access to classified materials.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes [✓]    No [ ]
      If "Yes," answer the following:
      (1) Docket or case number (if you know): 16-7158
      (2) Result: The petition for a writ of certiorari was denied.

      (3) Date of result (if you know): 1/17/2017
      (4) Citation to the case (if you know):
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]    No [✓]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

  (4) Nature of the proceeding: _____
  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐  No ☐
  (7) Result: _____
  (8) Date of result (if you know): _____
 (b) If you filed any second motion, petition, or application, give the same information:
  (1) Name of court: _____
  (2) Docket of case number (if you know): _____
  (3) Date of filing (if you know): _____
  (4) Nature of the proceeding: _____
  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐  No ☐
  (7) Result: _____
  (8) Date of result (if you know): _____
 (c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
  (1) First petition:  Yes ☐  No ☐
  (2) Second petition: Yes ☐  No ☐
 (d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective assistance of counsel in negotiating a plea

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Insistence on going to trial despite requests from client, Judge and US government to negotiate or discuss a plea, until the night before the trial date, resulting in lack of timely plea negotiation.
2. Refusal to negotiate or discuss negotiations with Govt, or communicate any offers which may have existed to client, from the very beginning of the case through the night before the trial date, despite repeated entreaties by client to do so.
3. On the night before the trial date, informing a US government representative of client's "intent" to change plea, without obtaining client's permission, before negotiating, thereby destroying any possibility of plea negotiation, resulting in an increased sentence.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
  Advised by counsel Michael Langford not to raise issue on direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective assistance of counsel in advising client regarding plea, impact of failure to negotiate plea, or impact of plea change

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Failure to advise client of impact of failure to negotiate plea
2. Failure to advise client of consequences and impact on sentence of plea change without deal being negotiated
3. Failure to advise client of options to change attorney or delay trial if current attorney is not prepared to go forward with trial in the week before trial and has not negotiated plea.
4. Failure to advise client about how change of plea would impact separate NY federal case.
5. Advising client that the decision to change his plea cannot be changed before plea is entered, and advising client to "just answer yes" to everything during plea change.
6. Failure to advise client regarding appropriate sentencing guidelines.
7. Failure to advise client that he would be pleading to all counts, and would not receive all three points for acceptance of responsibility

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:
Advised by counsel Michael Langford not to raise issue on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** Ineffective assistance of counsel by coercion, intimidation, threats and promises to induce client to change plea, resulting in client losing desired opportunity for trial, and increased sentence due to lack of plea negotiation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Failure to properly prepare for trial.
2. Failure to properly review discovery, both in general, and specifically in the SCIF
3. Creating and making threat to client that lack of preparation would cause trial to be lost, resulting in intimidation of client to change plea.
4. Refusal to go forward with trial in the days before trial date.
5. Failure to procure travel permission/funding for Case Investigator for trial, causing further lack of trial preparation and further lack of support for client during coercion to change plea.
6. Failure to cooperate with and coordinate with fellow defense attorneys, making it impossible to present an effective joint defense, causing further lack of preparation and creating threat to lose trial.
7. Threats and promises made to client and family members in days before trial to induce client to change plea.
8. Counsel's relationship with previous co-defendant Taylor created conflict of interest, motivating counsel to sabotage defense of client.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Advised by counsel Michael Langford not to raise issue on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

AO 243 (Rev. 09/17)

 (6) If your answer to Question (c)(4) is "Yes," state:

 Name and location of the court where the appeal was filed: _____

 Docket or case number (if you know): _____
 Date of the court's decision: _____
 Result (attach a copy of the court's opinion or order, if available):

_____

 (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Ineffective assistance of counsel for failure to object to prosecutorial misconduct, preventing access to witnesses and allowing intimidation of client and witnesses, resulting in lack of preparation for trial

 (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Failure to object to prosecutorial misconduct during search, arrest, and home confinement period, despite knowledge and understanding of occurrences.
2. Failure to object to prosecutorial misconduct on the part of the US Government, FBI and OIG regarding witness coercion, despite knowledge and understanding of occurrences, resulting in loss of opportunity to access crucial witnesses and properly prepare for trial.

 (b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐ No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
 Advised by counsel Michael Langford not to raise issue on direct appeal.

 (c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐ No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

For additional Grounds 5, 6 and 7, see attached pages 14, 15 and 16. See also attached Exhibits A through R.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds in this motion have been presented in federal court due to ineffective assistance of counsel on appeal, due to failure to advise client to include multiple additional grounds for appeal.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:
   Raymond Mansolillo, 101 Federal Street #1900, Boston, MA 02110

   (b) At the arraignment and plea:
   Raymond Mansolillo 101 Federal Street #1900 Boston, MA 02110

   (c) At the trial:
   N/A

   (d) At sentencing:
   Michael Langford, 43 E 400 S, Salt Lake City, UT 84111

   (e) On appeal:
   Michael Langford, 43 E 400 S, Salt Lake City, UT 84111

   (f) In any post-conviction proceeding:
   Michael Langford, 43 E 400 S, Salt Lake City, UT 84111

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   Michael Langford, 43 E 400 S, Salt Lake City, UT 84111

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☑    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☑    No ☐

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   The United States Courthouse of the Southern District of New York
   300 Quarropas Street, White Plains, NY 10601

   (b) Give the date the other sentence was imposed: 9/15/2015
   (c) Give the length of the other sentence: 60 months
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☑    No ☐

AO 243 (Rev. 09/17)

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The petition for a writ of certiorari was denied on January 17, 2017 (See, Exhibit A), thus this motion is timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
      (1)   the date on which the judgment of conviction became final;
      (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

The movant asks that the Court vacate the plea, set the judgment aside, and discharge the prisoner, or grant a new trial, or re-sentence him, or correct the sentence,

or any other relief to which movant may be entitled.

_____ (Pro-SE)
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __1/12/18_____
(month, date, year)

Executed (signed) on __1/12/18_____ (date)

_____ (Pro-SE)
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

GROUND FIVE:   Ineffective assistance of counsel in preparation for Pre-Sentencing Report interview, forfeiture hearing and sentencing hearing, resulting in increased sentence.
    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    1. Failure to properly advise client as to importance and significance of the interview for the PSR.
    2. Failure to accompany and represent client during the interview for the PSR
    3. Failure to appropriately research Blue Meadow Energy and acquire relevant documents regarding Blue Meadow Energy, leading to failure to convey crucial information and documentation to Michael Langford for arguments in forfeiture and sentencing hearing.
    4. Failure to prepare Michael Langford for forfeiture hearing and sentencing, despite the Judge's request that he do so.
    5. Failure to brief Michael Langford regarding potential arguments for enhancements by US government and appropriate countering evidence and arguments.
 (b) Direct Appeal of Ground Five:
        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐ No ☒
        (2) If you did not raise this issue in your direct appeal, explain why:
            Advised by counsel Michael Langford not to raise this issue.

 (c) Post-Conviction Proceedings:
        (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐ No ☒
        (2) If you answer to Question (c)(1) is "Yes," state:
        Type of motion or petition:
        Name and location of the court where the motion or petition was filed:
        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?
            Yes ☐ No ☐

        (4) Did you appeal from the denial of your motion, petition, or application?
            Yes ☐ No ☐

        (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
            Yes ☐ No ☐

        (6) If your answer to Question (c)(4) is "Yes," state:
        Name and location of the court where the appeal was filed:
        Docket or case number (if you know):
        Date of the court's decision:
        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

14

GROUND SIX: Ineffective assistance of counsel at forfeiture hearing and sentencing, resulting in increased sentence.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. Failure to effectively argue against the US government's allegations regarding Blue Meadow Energy, and the forfeiture amounts attributed to Mr. Lustyik, resulting in increased monetary enhancements at sentencing.
2. Failure to suggest separation of Mr. Lustyik and Mr. Thaler's interests at the forfeiture hearing resulting in the $10,000 amount being attributed to Mr. Lustyik, and increased monetary enhancements at sentencing.
3. Failure to argue the monetary and supervisory role enhancements at sentencing, resulting in increased sentence.
4. Failure to detect the failure to designate concurrent sentences in the original sentence judgment and request clarification, with detrimental impact on sentencing in separate NY federal case.
5. Failure to argue, and coordinate arguments with counsel in NY federal case, regarding similarity of charges to make a case for running NY and UT sentences concurrently at both sentencing hearings.

(b) Direct Appeal of Ground Six:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐ No ☒
    (2) If you did not raise this issue in your direct appeal, explain why:
        <u>Advised by counsel Michael Langford not to raise this issue.</u>

(c) Post-Conviction Proceedings:
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐ No ☒
    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:
Name and location of the court where the motion or petition was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐ No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐ No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐ No ☐
    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

15

GROUND SEVEN:   Ineffective assistance of counsel on appeal and at oral arguments, resulting in upheld sentence and loss of opportunity to retract plea or re-argue sentence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    1.  Failure to advise client of multiple additional grounds for appeal and failure to advise client to include multiple additional grounds for appeal in the immediate appeal, leading to ineffective and incomplete appeal, and loss of opportunity to appeal valid grounds, resulting in loss of opportunity to retract plea.

    2.  Failure to argue additional reasons that classified information was needed for an appropriate defense.

    3.  Failure to argue that the failure to designate concurrent sentences in the original sentence judgment had a detrimental impact on sentencing in the separate NY federal case.

(b) Direct Appeal of Ground Seven:

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:
    <u>Advised by counsel Michael Langford not to raise this issue.</u>

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐ No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: