IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. LUSTYIK, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ORDER AND <br> MEMORANDUM DECISION <br><br> Case No. 2:18-cv-00077-TC |

On November 21, 2019, the court denied Robert G. Lustyik, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (See § 2255 Order, ECF No. 32.) Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "The district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." For the reasons stated below, the court denies the COA.

**LEGAL STANDARD**

When a court denies a § 2255 petition, the petitioner does not have an automatic right to appeal that decision. Instead, the petitioner must obtain a COA from either the district court or the court of appeals. 28 U.S.C. § 2253(c)(1)(B).

To obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court should issue a COA only if "jurists of

reason could disagree with the district court's resolution" of the claims raised in the § 2255 petition or "could conclude the issues presented are adequate to deserve encouragement to proceed further." United States v. Springer, 875 F.3d 968, 972 (10th Cir. 2017) (internal quotations omitted). If "reasonable jurists would not find the district court's decision on these issues debatable or wrong," the court should deny the COA. Jones v. Warrior, 805 F.3d 1213, 1222 (10th Cir. 2015).

## ANALYSIS

Mr. Lustyik's § 2255 motion asserted that his attorneys provided ineffective assistance of counsel during his underlying criminal prosecution. To prevail on the motion, Mr. Lustyik was required to satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong, the petitioner must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 688. Second, the petitioner must establish that he was prejudiced by the allegedly deficient representation. Id. at 687, 693.

Where, as here, the petitioner entered a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1985). The Supreme Court has emphasized that this is a high burden: "A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." Lee v. United States, 137 S. Ct. 1958, 1966 (2017).

As discussed in more detail in its order, Mr. Lustyik gained a two-point downward variance in the sentencing guidelines by pleading guilty. (§ 2255 Order at 14.) It is highly unlikely that he would have obtained a better outcome by proceeding to trial. His only plausible

2

defense required that certain classified information be disclosed to the jury. But after reviewing the classified evidence, the court concluded the documents did not actually support Mr. Lustyik's proposed defense. The efforts of Mr. Lustyik's attorney "to obtain permission to disclose such information failed because the court, having reviewed the documents, disagreed with his argument, not because he was ineffective in making that argument." (Id. at 15.)

Although Mr. Lustyik advanced numerous different arguments in his motion to vacate, this lack of any viable defense was the central reason that Mr. Lustyik's request was denied. Because Mr. Lustyik would not have prevailed at trial, he cannot show that he was prejudiced by anything his attorney did or did not do before Mr. Lustyik's decision to plead guilty. He cannot show that pleading guilty was itself a prejudicial decision. And no evidence supports his claims that he was prejudiced by his attorneys' conduct after he pled guilty. In the court's view, "'jurists of reason could [not] disagree with the district court's resolution'" of Mr. Lustyik's claims and "'could [not] conclude the issues presented are adequate to deserve encouragement to proceed further.'" Springer, 875 F.3d at 972. Accordingly, no COA will be issued.

## ORDER

The court orders that no certificate of appealability be issued for the court's November 21, 2019 order denying Mr. Lustyik's motion to vacate.

DATED this 25th day of November, 2019.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge